**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| OMAR MEDINA ALEJANDRO,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-cv-00899 (UNA) |
| | ) | |
| | ) | |
| STATE OF CALIFORNIA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, application for leave to proceed *in forma pauperis* (also "IFP"), ECF No. 2, and motion for emergency relief ("Mot."), ECF No. 3. *Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction  [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies, and assists courts in, among other purposes, determining whether it has jurisdiction over the subject matter, whether it has proper venue, and whether is can exercise

---

[1] Plaintiff has filed numerous cases in this Court in this name and also as Omar Alejandro Medina.

personal jurisdiction over the defendants.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

More, "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

The Court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307-08.

Plaintiff, a resident of San Pedro, California, has submitted a cryptically worded complaint, consisting of random statements and conclusory assertions. *See generally*, Compl.  The content is largely incomprehensible and thus provides no notice of a claim and no basis for this Court's jurisdiction, venue, or any entitlement to relief.  *See id.*  Plaintiff sues the State of California, and though defendant's connection, if any, to the allegations are unclear, he contends that he has been

harassed at his home by unknown persons in violation of his Fourth Amendment rights.  *See id*. at

2, 3–4.  More specifically, he alleges that he was "harassed at [his] home by what [he] think[s] this

time, are homosexuals."  *Id*. at 4.  He believes that he heard male voices telling him to " 'stop

eating food, you are going to look fat in the shower.' "  *Id*.  As a result of this incident, plaintiff

maintains that he experienced stroke-like symptoms and he demands $150 million in damages,

with "110 Million dollars upfront direct deposited in [his] bank account with chase.  If [he] gets

raped as a result of doing legal business here in the United States [he will] . . . charge 8 trillion

dollars."  *Id.*

His motion for emergency relief is equally implausible and unintelligible.  As far as it can

be understood, he appears to demand that the Court expedite this case because he has difficulty

viewing it on PACER and "costs money to look up cases," and because "does not have enough

[money] to buy a weapon."  *See* Mot. at 1.

Plaintiff is no stranger to this Court, having filed an influx of cases, many of which are

substantially similar to the instant matter,[2] and *all* of which have been dismissed for inadequate

_____

[2]       At the time of the entry of this order, plaintiff also has numerous substantially similar cases
pending before the Court for review. *See, e.g*., *Alejandro v. United States Court of Appeals for the
D.C. Circuit*, No. 22-cv-01161 (UNA) (D.D.C. filed Apr. 25, 2022); *Alejandro v. State of
California*, No. 22-cv-01040 (UNA) (D.D.C. filed Apr. 11, 2022); *Alejandro v. State of California*,
No. 22-cv-01020 (UNA) (D.D.C. filed Apr. 11, 2022); *Alejandro v. Biden*, No. 22-cv-01003
(UNA) (D.D.C. filed Apr. 8, 2022); *Alejandro v. FBI*, No. 22-cv-01002 (UNA) (D.D.C. filed Apr.
8, 2022); *Alejandro v. United States Court of Federal Claims*, No. 22-cv-00971 (UNA) (D.D.C.
filed Apr. 7, 2022); *Alejandro v. State of California*, No. 22-cv-00970 (UNA) (D.D.C. filed Apr.
7, 2022); *Alejandro v. State of California*, No. 22-cv-00824 (UNA) (D.D.C. filed Mar. 24, 2022);
*Alejandro v. United Nations*, No. 22-cv-00793 (UNA) (D.D.C. filed Mar. 21, 2022); *Alejandro v.
State of California*, No. 22-cv-00637 (UNA) (D.D.C. filed Mar. 7, 2022); *Alejandro v. Biden*, No.
22-cv-00636 (UNA) (D.D.C. filed Mar. 7, 2022); *Alejandro v. Dep't of Defense*, No. 22-cv-00528
(UNA) (D.D.C. filed Feb. 22, 2022); *Alejandro v. State of California*, No. 22-cv-00524 (UNA)
(D.D.C. filed Feb. 22, 2022); *Alejandro v. Newsom*, No. 22-cv-00523 (UNA) (D.D.C. filed Feb.
22, 2022).

pleading under Rule 8(a), for failure to state a claim, as frivolous, for want of jurisdiction, or some combination of those grounds. *See, e.g., Alejandro v. Biden*, No. 22-cv-00399 (UNA) (D.D.C. Apr. 19, 2022) (dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Medina v. Dep't of Defense*, No. 22-cv-00691 (UNA) (D.D.C. Apr. 13, 2022) (dismissed pursuant to Fed. R. Civ. P. 8(a)); *Alejandro v. Moss*, No. 22-cv-00623 (UNA) (D.D.C. Mar. 30, 2022) (dismissed as frivolous); *Alejandro v. Biden*, No. 22-cv-00544 (UNA) (D.D.C. Mar. 29, 2022) (dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Alejandro v. Biden*, No. 22-cv-00529 (UNA) (D.D.C. Mar. 29, 2022) (dismissed as frivolous); *Alejandro v. Dep't of Defense*, No. 22-cv-00622 (UNA) (D.D.C. Mar. 29, 2022) (dismissed as frivolous); *Alejandro v. FBI*, No. 22-cv-00550 (UNA) (D.D.C. Mar. 29, 2022) (dismissed as frivolous); *Alejandro v. Newsom*, No. 22-cv-00526 (UNA) (D.D.C. Mar. 29, 2022) (dismissed as frivolous); *Alejandro v. U.S. Government*, No. 22-cv-00589 (UNA) (D.D.C. Mar. 29, 2022) (dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Alejandro v. United States*, No. 22-cv-00546 (UNA) (D.D.C. Mar. 29, 2022) (dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Alejandro v. Biden*, No. 22-cv-00405 (UNA) (D.D.C. Mar. 9, 2022) (dismissed pursuant to Fed. R. Civ. P. 8(a)); *Alejandro v. Biden*, No. 22-cv-00436 (UNA) (D.D.C. Mar. 9, 2022) (dismissed for want of subject matter jurisdiction and as frivolous); *Alejandro v. State of California*, No. 22-cv-00341 (UNA) (D.D.C. Mar. 9, 2022) (dismissed pursuant to Fed. R. Civ. P. 8(a)); *Alejandro v. United States President*, No. 22-cv-00392 (UNA) (D.D.C. Mar. 9, 2022) (dismissed pursuant to Fed. R. Civ. P. 8(a) and for want of subject matter jurisdiction); *Medina v. United States Government*, No. 22-cv-00314 (UNA) (D.D.C. Mar. 9, 2022) (dismissed pursuant to Fed. R. Civ. P. 8(a)); *Medina v. Bonta*,

No. 22-cv-00263 (UNA) (D.D.C. Feb. 23, 2022) (dismissed pursuant to Fed. R. Civ. P. 8(a));

*Alejandro v. United States Government*, No. 21-cv-00262 (UNA) (D.D.C. Feb. 5, 2022) (dismissed

as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Medina v. United States*, No. 19-cv-2487

(RDM) (D.D.C. July 23, 2020) (dismissed pursuant to Fed. Rs. Civ. P. 8(a) and 12(b)(6)); *Medina*

*v. United States Attorneys Office Dist. of Columbia*, No. 20-cv-00896 (TSC) (D.D.C. Apr. 28,

2020) (dismissed pursuant to Fed. R. Civ. P. 8(a)); *Medina v. United States*, No. 20-cv-00327

(TJK) (D.D.C. Feb. 13, 2020) (dismissed for failure to comply with Federal Rule of Civil

Procedure 8(a) and for lack of subject-matter jurisdiction).

      Still plaintiff persists.  In addition to dismissing the instant complaint, and denying

plaintiff's motion for emergency relief, the Court will now order plaintiff to show cause why he

should not be barred from filing civil actions *in forma pauperis*.

### 1. <u>Legal Standard</u>

      An individual's right to access to the courts "is neither absolute nor unconditional."  *In re*

*Green*, 669 F.2d 779, 785 (D.C. Cir. 1981) (per curiam).  Furthermore, "[a]n *in forma pauperis*

litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse

the process of the courts."  *Williams v. McKenzie*, 8 34 F.2d 152, 154 (8th Cir. 1987).  The Court

"has an obligation to protect and preserve the sound and orderly administration of justice."  *Urban*

*v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985) (quoting *In re Martin-Trigona*, 737 F.2d

1254, 1262 (2d Cir. 1984)).  To that end, the Court "may employ injunctive remedies to protect

the integrity of the courts and the orderly and expeditious administration of justice," *Urban*, 768

F.2d at 1500, such as denying "prospectively" one's privilege to proceed *in forma pauperis*.  *Hurt*

*v. Social Security Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008).  In determining whether to issue an

injunction, the Court must make substantive findings as to the frivolous or harassing nature of the

litigant's actions and as to any pattern constituting harassment.  *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988).  Similarly, before revoking the privilege to proceed *in forma pauperis*, the Court must consider "the number, content, frequency, and disposition of [the litigant's] previous filings to determine if there is a pattern of abusing the IFP privilege in his litigation history."  *Butler v. Dep't of Justice*, 492 F.3d 440, 446 (D.C. Cir. 2007).

### 2. <u>Plaintiff's Litigation History</u>

As indicated above, most of plaintiff's complaints are repetitive and largely incoherent, and many filed against the same or similar defendants.  A search and review of this Court's civil docket indicates that, in the past two plus years, plaintiff has filed[3] at least 32 cases in this Court alone, including the instant matter.  *See* listing, *supra*, at pp. 3–5, p. 3 n.2.  Of those 32 cases, every case that has been screened has been dismissed *sua sponte*; the pending cases only survive because they have not yet been screened, *see id*.

A search and review of PACER reveals that plaintiff has filed several recent matters in other federal courts, and similarly, most of them have also failed to survive the screening process.  *See, e.g.*, *Alejandro v. USA*, No. 22-cv-00302 (DAT) (Ct. Fed. Cl. Mar. 29, 2022) (dismissing case for want of subject matter jurisdiction and as frivolous, noting plaintiff's "record of filing frivolous complaints" and "history of vexatious and duplicative litigation," collecting cases, directing the Clerk to reject any future submissions in the matter unless the filings comply with this Court's

---

[3]     Three more of plaintiff's cases were removed from the Superior Court of the District of Columbia to this Court, and plaintiff was also proceeding IFP in all of those cases. *See Medina*, No. 19-cv-2487 (RDM); *Medina*, No. 20-cv-00896 (TSC); *Medina*, No. 20-cv-00327 (TJK). Including those matters in plaintiff's case-count brings the total to 35 matters. *See* listing, *supra*, at pp. 3–5, p. 3 n.2. As noted, two of the removed matters were dismissed *sua sponte* in screening, *see id. at Medina*, No. 20-cv-00896 (TSC); *Medina*, No. 20-cv-00327 (TJK), and the third was dismissed when the Court granted defendant's preliminary motion to dismiss pursuant to Fed. Rs. Civ. P. 8(a) and 12(b)(6), *see id. at Medina*, No. 19-cv-02487 (RDM).

rules, and finding that any appeal from would not be taken in good faith); *Medina v. United States of America*, No. 19-cv-00474 (PA) (FFM) (C.D. Cal. Jan. 26, 2019) (denying plaintiff's IFP application and dismissing claims "against the United States and/or President for "sound wave harassment" as "delusional" and "legally and/or factually patently frivolous"); *Medina v. United States of America*, No. 18-cv-10546 (MWF) (PLA) (C.D. Cal. Dec. 26, 2018) (denying plaintiff's IFP application and dismissing as "fanciful" and "legally and/or factually patently frivolous"); *Medina v. United States of America*, No. 18-cv-09993 (GW) (FFM) (C.D. Cal. Dec. 7, 2018) (denying plaintiff's IFP application and dismissing as "legally and/or factually patently frivolous").

### 3.  Plaintiff's Abuse of the IFP Privilege

The "inquiry" is whether plaintiff "has abused a special privilege of the court to such an extent that that privilege should not again be extended to him here." *Butler*, 492 F.3d at 446.  The Court finds that plaintiff has reached that point.  This District has been more than tolerant in liberally construing plaintiff's complaints, allowing him to proceed *in forma pauperis*, and expending significant staff time and resources to process, review, and resolve his cases.  The Court finds that plaintiff has a history of filing frequent and repetitive lawsuits, and that these relentless filings are harassing to the Court.  *Cf. with Butler,* 492 F.3d at 446–47 (finding an abuse of the *in forma pauperis* privilege from, *inter alia*, plaintiff's "pattern" of filing repetitive FOIA actions where "[a]ll but one [of 15 such cases] were dismissed on either summary judgment, a motion to dismiss, or for failure to respond."); *see id*. at 445–46 (examining Supreme Court cases finding abuse of IFP privilege); *see also Hurt*, 544 F.3d at 310 (concluding that "'the number, content, frequency, and disposition' of [Hurt's] filings shows an especially abusive pattern, aimed at taking advantage of the IFP privilege.").  Like the plaintiff in *Butler*, "it appears that filing [civil] actions is a 'pastime' for [plaintiff]."  *Butler*, 492 F.3d at 447.

**4.** <u>**Conclusion**</u>

For the foregoing reasons, the Court finds that plaintiff has abused the privilege of proceeding IFP and proposes to issue an order barring him from filing any new civil actions in this district without payment of the applicable filing fee. *See Hurt*, 544 F.3d at 311 (revoking IFP privilege, dismissing all appeals, and directing the Clerk "to refuse to accept any more of Hurt's civil appeals that are not accompanied by the appropriate filing fees."). Before the Court issues such an order, it must allow plaintiff an opportunity to respond. *See In re Powell*, 851 F.2d at 431. A separate order accompanies this memorandum opinion.

TREVOR N. McFADDEN
United States District Judge

Dated: May 6, 2022